———o———

WILLIAM A. PARK v. TOLEDO, CANADA SOUTHERN & DETROIT RAILROAD COMPANY.

*Assignor of chose in action not liable for assignee's tort.*

In Michigan the assignee of a *chose in action* can sue it in his own name or in that of his assignor.

Permission by the assignor of a claim to use his name in collecting it gives the assignee no authority to use any but lawful processes.

The assignor of a *chose in action* is not liable for unlawful acts done by the assignee in collecting the demand if the assignor himself had no interest in it and did not direct or countenance them.   So *held* where the assignee, suing in the assignor's name, improperly began suit by *capias*, the affidavit for which was made by the assignor's agent but not in his behalf.

Error to Superior Court of Detroit.   Submitted June 19.   Decided July 2.

Assumpsit.   Plaintiff brings error.

*Crofoot & Kudner* and *William B. Jackson* for plaintiff in error.   One who allows the use of his name in proceedings for another's benefit, in which a tort is committed, is liable, *Judson v. Cook*, 11 Barb., 644; 2 Hilliard on Torts, 311; Cooley on Torts, 133.

*Louis C. Stanley* for defendant in error.   One is not liable for a suit begun by another in his name (*Josselyn v. McAllister*, 22 Mich., 306; *Soule v. Winslow*, 66 Me., 447) nor for an arrest made by another without his authority, *Pierce v. Thompson*, 6 Pick., 193; *Griswold v. Sedgwick*, 1 Wend., 126; *Bicknell v. Dorion*, 16 Pick., 490; *Metcalf v. Alley*, 2 Ired. (N. C. L.), 38; *Bond v. Chapin*, 8 Metc., 31; *Foster v. Dow*, 29 Me., 442; *Moulton v. Lowe*, 32 Me., 470; *Burnap v. Albert*, Taney's Decisions, 244; though one is liable for procuring another to sue a person without cause, *Grove v. Brandenburg*, 7 Blackf., 234; *Mowry v. Miller*, 3 Leigh, 561; *Savil v. Roberts*, 1 Salk., 13; one is not liable for an arrest made on an affidavit sworn to by his agent, if the latter was not authorized to swear to it, *Levey v. Fargo*, 1 Nev., 415; *Mali v. Lord*, 39 N. Y., 381; *McManus v. Crockett*, 1 East, 106; *Gillett v. Mo. Valley R. R.*, 55 Mo., 315; *Webber v. Kenny*, 1 A. K. Marsh., 345; *Wheeler v. Nesbitt*, 24 How., 544; *Gilbert v. Emmons*, 42 Ill., 146.

41 MICH.—45.

MARSTON, J.　The defendant had a claim against the plaintiff for moneys received by him while acting as its agent.　The Citizens' Insurance Company of Montreal, which had guaranteed the agent's responsibility, paid the loss, became subrogated to defendant's rights to proceed against the agent, and obtained from defendant permission to use its name in the collection of the claim.

The plaintiff was arrested upon a *capias* issued in the name of the defendant.　The affidavit upon which the writ issued was prepared by the attorneys who appeared for the plaintiff in that case, and was sworn to by Mr. Parsons, who was traveling auditor of the railway company, as he was conversant with the facts.　The solicitor of the insurance company was present at this time, employed the attorneys, and instructed them to commence the action.　The attorneys were employed and paid by the insurance company, and there was no evidence tending to show that the defendant in this case —the railway company—ever gave any directions concerning the bringing or prosecution of that case, or that it had any knowledge whatever of such proceedings.

Upon *habeas corpus* this court held that the affidavit did not authorize the issuing of a *capias,* and Mr. Park was discharged and then brought this action to recover damages for the illegal arrest and imprisonment.

The court charged the jury that under the evidence the plaintiff could not recover, and a verdict was rendered for the defendant.

The railway company in transferring its claim to the insurance company, and in giving permission to use its name in the collection of the claim, thereby gave authority to use its name in any proper and legitimate manner given by law for the collection of such a claim.　Such an authority would not extend to or authorize the insurance company to commence by *capias,* or to resort to any other method not warranted by the facts of the case and the laws of this State.　The commencement of

such an action was beyond the authority given, and could not create a liability against the railway company. Had it appeared that the railway company directed such proceedings to be commenced, or directed an arrest, or with knowledge thereof, and before discharge, countenanced and approved of the same, there would be reason and authority in favor of its liability.    The assignee of a *chose in action* may under our statute bring the action in his own name for the recovery thereof.    He may however still sue in the name of the assignor, and previous to our statute he must have done so.    It would be an exceedingly dangerous doctrine to hold the assignor responsible for the unauthorized and illegal acts of the assignee, done in the name of the former in attempting to collect the claim.    The authorities cited in the brief of defendant in error show that under the facts in this case the defendant cannot be held liable.    Nor will the fact that the affidavit was made by one who was holding the position of traveling auditor for the company create such a liability.    In making the affidavit he was not acting for or in the interests of the railway company, which had parted with all interest in the claim, and was no longer interested in its collection.    In fact the suit was initiated, commenced and prosecuted by the insurance company for its own use and benefit, and was not directly authorized or approved by the railway company.

The judgment must be affirmed with costs.

The other Justices concurred.